UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAZMIN GAMEZ, <br><br> Plaintiff, <br><br> v. <br><br> WALMART, INC. et al., <br><br> Defendants. | Case No. 2:23-cv-04166-SB-KS <br><br> ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION |

    After tripping and falling in a Walmart store, Plaintiff Yazmin Gamez filed this action in state court against Defendants Walmart, Inc. and store manager Brooke Doe, alleging claims for negligence and premises liability. Dkt. No. 1-1. Walmart, Inc. removed the case based on diversity. Dkt. No. 1. The notice of removal asserts that Plaintiff is a citizen of California and that Walmart, Inc. is a citizen of Delaware and Arkansas, but it makes no mention of Defendant Brooke Doe, who is alleged to be a California resident.

    Federal courts have a duty to assess whether federal subject-matter jurisdiction exists, sua sponte if necessary. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case"). Section 1332 provides for federal jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). This provision requires that all plaintiffs be completely diverse from all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

    28 U.S.C. § 1441(b)(1) provides a narrow exception to the requirement of complete diversity in removed cases: "In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." However, some courts have concluded that when a complaint alleges facts that "give a definite clue about the identity of the fictitious defendant," the defendant's citizenship *should* be considered, especially "when a named defendant knew or should have known the

1

fictitious defendant's identity because that defendant *employed* the fictitiously named defendant." *Sandoval v. Republic Servs., Inc.*, No. 2:18-CV-01224-ODW, 2018 WL 1989528, at *3 (C.D. Cal. Apr. 24, 2018); *Metcalf v. Walmart, Inc.*, No. 1:21-CV-1630, 2022 WL 856030, at *2 (E.D. Cal. Mar. 23, 2022) (noting that "[s]ome courts in the Ninth Circuit hold that [§ 1441(b)(1)] is absolute and forbids consideration of the citizenship of any fictitiously named defendants" but adopting view of courts that "consider the citizenship of a fictitiously named defendant so long as the allegations regarding that defendant are sufficiently detailed and descriptive"); *but see Rojas v. Sea World Parks & Ent., Inc.*, 538 F. Supp. 3d 1008, 1023 (S.D. Cal. 2021) (rejecting this approach and holding that fictitious defendants' citizenship must always be disregarded on a motion to remand). Here, it appears that Plaintiff has identified Defendant Brooke Doe by her true first name and position but has used a fictitious last name, which likely provides sufficient information for Walmart, Inc. to identify her. Thus, if the Court adopts the approach in *Sandoval* and *Metcalf*, it appears that the removal was improper. In any event, a removing defendant bears the burden of establishing federal jurisdiction, and Walmart, Inc. has not even identified its basis for disregarding Brooke Doe's nondiverse citizenship, much less shown that such disregard is proper.

   Accordingly, Defendant is ORDERED to show cause in writing, no later than June 20, 2023, why this case should not be remanded for lack of subject matter jurisdiction. Before that date, the parties are ORDERED to meet and confer in person or by videoconference to attempt to reach agreement on whether remand is appropriate (or to resolve their dispute in full, if possible). The Court observes that even if removal was proper, remand may be required if Plaintiff upon learning Brooke Doe's true last name amends her complaint to name her—leading to a delayed remand and additional expense to the parties that could be avoided if they communicate freely and in good faith. Defendant's response to this order to show cause shall include a detailed description of the parties' meet and confer, including any agreements reached.

   If the parties are unable to reach agreement and Plaintiff intends to seek remand, she shall file a noticed motion for remand no later than June 30, 2023.

Date: June 8, 2023              _____
                            Stanley Blumenfeld, Jr.
                            United States District Judge