JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAZMIN GAMEZ,<br><br>    Plaintiff,<br><br>v.<br><br>WALMART, INC. et al.,<br><br>    Defendants. | Case No. 2:23-cv-04166-SB-KS<br><br>ORDER OF REMAND |

After tripping and falling in a Walmart store, Plaintiff Yazmin Gamez filed this action in state court against Defendants Walmart, Inc. (Walmart) and store manager Brooke Doe, alleging claims for negligence and premises liability. Dkt. No. 1-1. Walmart removed the case based on diversity. Dkt. No. 1. The notice of removal asserts that Plaintiff is a citizen of California and that Walmart, Inc. is a citizen of Delaware and Arkansas, but it makes no mention of Defendant Brooke Doe, who is alleged to be a California resident.

Federal courts have a duty to assess whether federal subject-matter jurisdiction exists, sua sponte if necessary. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case."). Section 1332 provides for federal jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). This provision requires that all plaintiffs be completely diverse from all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because the notice of removal did not mention Brooke Doe or establish a basis for ignoring her citizenship, the Court issued an order for Walmart to show cause why it should not remand the case for lack of subject matter jurisdiction. Dkt. No. 11. The Court observed that under 28 U.S.C. § 1441(b)(1), courts disregard fictitiously

named defendants for purposes of determining diversity jurisdiction, but courts are divided as to the application of this rule where the complaint provides enough information for the removing defendant to identify the fictitiously named defendant. *See, e.g.*, Metcalf v. Walmart, Inc., No. 1:21-CV-1630, 2022 WL 856030, at *2 (E.D. Cal. Mar. 23, 2022) (noting that "[s]ome courts in the Ninth Circuit hold that [§ 1441(b)(1)] is absolute and forbids consideration of the citizenship of any fictitiously named defendants" but adopting view of other courts that "consider the citizenship of a fictitiously named defendant so long as the allegations regarding that defendant are sufficiently detailed and descriptive"). The Court also stated that "it appears that Plaintiff has identified Defendant Brooke Doe by her true first name and position but has used a fictitious last name, which likely provides sufficient information for Walmart, Inc. to identify her," such that the removal may have been improper, and "[i]n any event, a removing defendant bears the burden of establishing federal jurisdiction, and Walmart, Inc. has not even identified its basis for disregarding Brooke Doe's nondiverse citizenship, much less shown that such disregard is proper." Dkt. No. 11 at 2.

In its response to the order to show cause (OSC), Walmart failed to address the legal question raised by the Court, instead arguing only that removal was proper because no other Defendant had been served at the time of removal. Dkt. No. 12.[1] This argument invokes the limitation on removal by home-state defendants in § 1441(b)(2) but has no bearing on whether diversity is complete. *See* Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174, 1176 (9th Cir. 1969) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."). Thus, Walmart has not met its burden to show that removal was proper.

After the Court issued its order to show cause, Plaintiff moved to remand. Dkt. No. 15. In opposition to that motion, Walmart raised new arguments, including that Brooke Doe was fraudulently joined to defeat removal. Dkt. No. 23. "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." Grancare, LLC v. Thrower ex rel. Mills, 889 F.3d 543, 548 (9th Cir. 2018). Fraudulent joinder can be established by showing either fraudulent pleading of jurisdictional facts or the plaintiff's inability to establish a cause of action against

---

[1] Walmart acknowledged at the July 7 mandatory scheduling conference that lack of service was the only argument it raised in its response to the OSC.

the non-diverse party in state court. *Id*. The latter, on which Walmart relies, requires a showing that the non-diverse defendant "cannot be liable on any theory." *Id*. (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Id*. at 549. A court must consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id*. at 550. The removing defendant's burden is "heavy," and there is a presumption against finding fraudulent joinder. *Id*. at 548.

Walmart contends that Plaintiff failed to "identify specific actions taken by 'Brooke Doe'" and that Plaintiff's intent to defeat jurisdiction is evident from, among other things, her failure to promptly serve Brooke Doe. Dkt. No. 23 at 5–8. Neither contention overcomes Walmart's heavy burden. The complaint alleges that Plaintiff was injured because Brooke Doe failed to discharge specific safety-related duties assigned to her. Walmart has not meaningfully explained why these allegations are inadequate or—more significantly—why Plaintiff cannot cure any pleading deficiency. *See Grancare*, 889 F.3d at 550 (holding that a curable pleading fails the fraudulent-joinder test). Instead, Walmart improperly focuses its attack on Plaintiff's jurisdictional motive in suing Brooke Doe. As the Ninth Circuit has stated, "[f]raudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). In other words, the question whether joinder is fraudulent for jurisdictional purposes requires an objective inquiry into the plaintiff's ability to assert a claim against the targeted defendant—and that inquiry is not a stringent one. *See Grancare*, 889 F.3d at 549–50; *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (requiring courts to "resolve[] all ambiguity in favor of remand to state court"). Walmart has not demonstrated fraudulent joinder under the applicable standards.

Because Walmart has not established that this Court has subject matter jurisdiction, the case is REMANDED to state court. Plaintiff's motion to remand is DENIED as moot, and the August 4 hearing on the motion is VACATED. Because Plaintiff has not shown that Walmart's removal was entirely unreasonable, the Court declines to require payment of fees and costs under § 1447(c). *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only

3

where the removing party lacked an objectively reasonable basis for seeking removal.").

    IT IS SO ORDERED.


Date: July 28, 2023

                                    Stanley Blumenfeld, Jr.
                                    United States District Judge